**LANDMARK INTERNATIONAL TRUCKS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 84–5943, 84–6036.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 26, 1985.

Decided Oct. 18, 1985.

Edward G. Phillips and John B. Rayson, argued, Knoxville, Tenn., for petitioner.

Elliott Moore, Ann Jones, Paul Spielberg, argued, Deputy Associate General Counsel, N.L.R.B., Washington, D.C., for respondent.

Before LIVELY, Chief Judge, MARTIN, Circuit Judge, and RUBIN, District Judge.*

PER CURIAM.

This is the second appeal in a case in which the National Labor Relations Board found that the employer had engaged in unfair labor practices by withdrawing recognition of the union as representative of its service department employees following a change in ownership of the employer and in seeking to coerce those employees by requiring them to advise the employer of their decision if they resign from union membership. See *Landmark International Trucks, Inc. v. N.L.R.B.*, 699 F.2d 815 (6th Cir.1983). In our previous decision this court disagreed with virtually every premise upon which the Board had found the employer guilty of unfair labor practices, but found that the board had failed to make a finding on one issue which the parties at oral argument appeared to consider important. Accordingly, we remanded the case to the Board for a determination of whether the employer was withholding union dues from the employees' pay checks at the time it withdrew recognition. One of the charges against the employer was that it had discontinued withholding union dues when it succeeded to ownership of the business.

The Board had found that the employer violated section 8(a)(1) of the National Labor Relations Act by sending a coercive letter to the employees on November 19, 1979. While this court found that the letter in question was not coercive, we noted that in the letter the employer requested that any employee resigning from the union send a copy of the resignation to the employer. The employer argued on the first appeal that it was not guilty of unlawful interrogation in seeking to be informed of its employees' decisions, while the Board argued that by requiring a copy of the resignation to be sent to it the employer sought to "monitor" its employees' decisions and that this was coercive.

After remand the Board found that it was undisputed that the employer was not withholding union dues at the time it withdrew recognition and the requirement that it be advised of the resignation of its employees from the union served no legit-

---

* The Honorable Carl Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

imate purpose and provided no reasonable basis for a decision by the employer that the union no longer had the support of a majority of the employees. As a result, the Board reaffirmed its finding of two unfair labor practices and directed the employer to recognize and bargain with the union. The supplemental decision and order is reported at 272 NLRB No. 105 (1984).

Upon consideration of the briefs and oral arguments of counsel together with the record under review this court concludes that the findings of section 8(a)(1) and section 8(a)(5) violations are not supported by substantial evidence and cannot be affirmed. While the language on remand may have misled the Board to believe that the decision of the case depended solely upon the finding that union dues either were or were not being withheld at the time the decision was made to withdraw recognition, this was not the intent of the court. The court felt that the record was incomplete because no finding had been made on one portion of the charge against the employer and was reluctant to decide the case finally without such a finding. The court now concludes that the otherwise non-coercive letter of November 19, 1979 was not rendered coercive by the employer's request that it be notified of resignations from the union by its employees. There was abundant evidence, including the uncontradicted testimony of employee James Whaley, that the union had lost support and adherence of a majority of the employees in the service department and that the employer knew of this fact at the time it made its decision to withdraw recognition. The Board appears never to have considered Whaley's testimony, though in our first opinion this court disagreed with the Board that Whaley's testimony was hearsay and considered it in reaching our decision. Since we conclude that the employer did not violate either section 8(a)(1) or section 8(a)(5) of the Act, the order to bargain with the union cannot stand.

The petition to review is granted and the cross-application for enforcement of the Board's order is denied.